United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41679
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR AVILA-SANTOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-668-1
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

Julio Cesar Avila-Santos (Avila) pleaded guilty, pursuant to a plea agreement, to transporting an undocumented alien within the United States.  On appeal, Avila argues that his guilty plea was not given knowingly and voluntarily and was not given in compliance with FED. R. CRIM. P. 11.  However, Avila incorrectly cites the former version of Rule 11 in support of his arguments. The Federal Rules of Criminal Procedure were amended effective

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

December 1, 2002. Because Avila's rearraignment occurred after that date, the current version of Rule 11 controls.

A guilty plea involves the waiver of several constitutional rights, and, accordingly, it must be made knowingly and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); see also FED. R. CRIM. P. 11. When, as here, a defendant does not object to Rule 11 errors in the district court, we review for plain error only. United States v. Vonn, 535 U.S. 55, 58-59 (2002). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004).

Avila argues that the district court failed to comply with Rule 11 because it (1) failed to admonish him of a mandatory minimum sentence; (2) failed to inform him of its obligation to apply the sentencing guidelines and its discretion to depart from those guidelines; (3) failed to inquire whether his willingness to plead guilty resulted from prior discussions between his attorney and the Government; (4) failed to inform him that his offense level could have been reduced under U.S.S.G. § 5K1.1 had he provided substantial assistance to the Government; and (5) failed to adequately explain supervised release.

None of Avila's assertions have merit.  The district court did not violate current Rule 11 in conducting the plea colloquy.

AFFIRMED.